## THE STAR.

### RICE et ux. v. BAKOVIC.

#### No. 7217.

District Court, W. D. Washington, S. D.
Sept. 23, 1931.

Stratton & Kane, of Seattle, Wash., for libelants.

Hayden, Langhorne & Metzger, of Tacoma, Wash., for claimant.

CUSHMAN, District Judge. (after stating the facts as above).

Upon the part of the claimant, it is contended that there existed among boats engaged in the fishing trade in the waters in question a general custom of rendering such assistance as that for which the suit is brought, without obligation upon the part of the aided, save to render like assistance to other boats so employed upon occasion.

While the expectation of like assistance in time of need may furnish a strong incentive to the owner of the boats in this trade to aid other boats, so employed, in distress, the receipt of such reward is uncertain, and in no way dependent upon the risk taken or success achieved. The court cannot say that the incentive furnished by such a custom, if it exists, is as strong as that growing out of the right the admiralty law gives to a salvage award. Such being the case, to give effect to such a custom as superseding the right to a salvage award would be contrary to public policy.

A further contention of claimant is that the service was not a voluntary service; that the Audrey, being chartered as a cannery tender, contracted with her employer to render such services. There is no evidence of such an express contract, and the custom relied upon by claimant, if it exists, being against public policy, there was no implied contract.

The circumstances and situation show that there was little danger in so far as the crews were concerned. There was no great danger to the Audrey. The evidence is in conflict as to the likelihood of the Star coming off the reef without assistance with the rising tide, but, under all the evidence, it is reasonably clear that the peril to the Star was considerable. I am unable to find that there were no swells at the time. The working of the Star upon the reef might soon have put a hole in her bottom that not only would have kept her from floating but would have held her and kept her from being pulled off without serious damage.

The value of the Audrey was at least $5,000; of the Star, her cargo, provisions and seine, approximately $7,000. The service rendered was a salvage service, though not of a high order.

Libelants will be allowed $500, the engineer, Church, $75, and the other two members of the crew $25, each. Libelants will recover costs. The decree will be settled upon notice.

The clerk will notify the attorneys for the parties of this ruling.